IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES GREGONIS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 11-CV-05307 |
| | : | |
| | : | (Judge Brody) |
| BI, INC., GEO GROUP, INC., | : | |
| ANNE SCHLARB, and | : | |
| BRUCE THACHER, | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND DEFENSES OF DEFENDANTS BI, INC., BRUCE THACHER AND ANN SCHLARB TO PLAINTIFF'S COMPLAINT**

Defendants BI, Inc. ("BI"), Bruce Thacher ("Thacher") and Ann Schlarb ("Schlarb") (incorrectly identified as "Anne Schlarb") (collectively, "Defendants") answer the Plaintiff Charles Gregonis' ("Plaintiff") Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

1.      Admitted in part; denied in part.  Defendants admit only that Plaintiff has initiated this action under the Age Discrimination in Employment Act, 29 U.S.C. § 651, et seq. ("ADEA"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA") and Pennsylvania common law.  The remaining allegations of paragraph 1 set forth conclusions of law to which no answer is required and the same are denied.

## JURISDICTIONAL STATEMENT

2. The allegations of paragraph 2 set forth conclusions of law to which no answer is required and the same are denied.

3. The allegations of paragraph 3 set forth conclusions of law to which no answer is required and the same are denied.

4. The allegations of paragraph 4 set forth conclusions of law to which no answer is required and the same are denied.

5. The allegations of paragraph 5 set forth conclusions of law to which no answer is required and the same are denied.

## VENUE

6. The allegations of paragraph 6 set forth conclusions of law to which no answer is required and the same are denied.

## PARTIES

7. Defendants admit upon information and belief that Plaintiff is a male individual who resides in Wynnewood, Pennsylvania.

8. Admitted in part; denied in part. Defendants admit only that BI is incorporated under the laws of the state of Colorado and that BI employed Plaintiff from April 28, 2004 until March 10, 2010. Defendants deny the remaining allegations contained in paragraph 8.

9. Admitted.

10. Admitted in part; denied in part. Defendants admit only that BI maintains a location at 6400 Lookout Road, Boulder, CO 80301. Defendants deny the remaining allegations contained in paragraph 10.

11. Admitted in part; denied in part. Defendants admit only that during the course of his employment with BI, Plaintiff worked at BI's office located at 42 S. 15th Street, Philadelphia, Pennsylvania. Defendants deny the remaining allegations contained in paragraph 11.

12. Admitted in part; denied in part. Defendants admit only that GEO is incorporated under the laws of the state of Florida and that GEO acquired BI in 2011. The remaining allegations of paragraph 12 set forth conclusions of law to which no answer is required and the same are denied.

13. Admitted.

14. Admitted.

15. Admitted in part; denied in part. Defendants admit only that Thacher previously served as the Chief Executive Officer of BI. Defendants deny the remaining allegations contained in paragraph 15.

16. Admitted in part; denied in part. Defendants admit only that Schlarb previously served as the Vice President, ISAP Services - Program Director of BI. Defendants deny the remaining allegations contained in paragraph 16.

17. Admitted in part; denied in part. Defendants admit only that Thacher and Schlarb supervised Plaintiff at various time during the course of his employment with BI. Defendants deny the remaining allegations contained in paragraph 17.

18. The allegations of paragraph 18 set forth conclusions of law to which no answer is required and the same are denied.

19. The allegations of paragraph 19 set forth conclusions of law to which no answer is required and the same are denied.

20. Admitted in part; denied in part. Defendants admit only that BI and GEO each employ more than twenty (20) employees. Defendants deny the remaining allegations contained in paragraph 20.

21. The allegations of paragraph 21 set forth conclusions of law to which no answer is required and the same are denied.

22. The allegations of paragraph 22 set forth conclusions of law to which no answer is required and the same are denied.

## **FACTS**

23. Defendants admit upon information and belief that Plaintiff's date of birth is July 23, 1948. Defendants deny the remaining allegations contained in paragraph 23.

24. Admitted in part; denied in part. Defendants admit only that BI hired Plaintiff as an Intensive Supervision Program Manager on or around April 28, 2004, and that Plaintiff also held the positions of Vice President, ISAP Services and Vice President,

ISAP Services - Deputy Program Director during the course of his employment with BI. Defendants deny the remaining allegations contained in paragraph 24.

25. Admitted in part; denied in part. Defendants admit only that Plaintiff received salary increases and promotions during his employment with BI, and that he assumed the position of Vice President, ISAP Services in or around July 2007. Defendants deny the remaining allegations contained in paragraph 25.

26. Admitted in part; denied in part. Defendants admit only that Plaintiff's gross compensation in 2009 was $177,474.15. Defendants deny the remaining allegations contained in paragraph 26.

27. Admitted in part; denied in part. Defendants admit only that its Intensive Supervision Appearance Program ("ISAP") expanded in 2007 and that the ISAP I program received a perfect score in its evaluation by the United States Immigration and Customs Enforcement for the following contract periods: June 21, 2008 through June 20, 2009 and June 21, 2009 through November 13, 2009. Defendants deny the remaining allegations contained in paragraph 27.

28. The allegations of paragraph 28 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 28 are additionally denied.

29. Admitted in part; denied in part. Defendants admit only that in or around July of 2009, Plaintiff became the Vice President, ISAP Services, Deputy Program Director. Defendants deny the remaining allegations contained in paragraph 29.

30. Denied.

31. The allegations of paragraph 31 set forth conclusions of law to which no answer is required and the same are denied.  Any factual averments contained in paragraph 31 are additionally denied.

32. The allegations of paragraph 32 set forth conclusions of law to which no answer is required and the same are denied.  Any factual averments contained in paragraph 32 are additionally denied.

33. The allegations of paragraph 33 set forth conclusions of law to which no answer is required and the same are denied.  Any factual averments contained in paragraph 33 are additionally denied.

34. Defendants lack knowledge or information to admit or deny the allegations contained at paragraph 34, and accordingly they are denied.

35. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 35, and accordingly they are denied.

36. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 36, and accordingly they are denied.

37. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 37, and accordingly they are denied.

38. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 38, and accordingly they are denied.

39. Denied.

40. Denied.

41. Admitted in part; denied in part. Defendants admit only that Plaintiff's employment with BI ended on March 10, 2010. Defendants deny the remaining allegations contained in paragraph 41.

42. Denied.

43. Denied.

44. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 44, and accordingly they are denied.

45. The allegations of paragraph 45 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 45 are additionally denied.

46. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 46, and accordingly they are denied.

47. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 47, and accordingly they are denied.

48. The allegations of paragraph 48 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 48 are additionally denied.

49. Defendants lack knowledge or information to admit or deny the remaining allegations contained at paragraph 49, and accordingly they are denied.

**COUNT I**
**Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.**
**Plaintiff v. Defendants BI, Inc. and GEO Group, Inc.**

50. Defendants' responses to the foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Admitted in part; denied in part. Defendants admit upon information and belief that Plaintiff is over the age of forty (40). The remaining allegations of paragraph 51 set forth conclusions of law to which no answer is required and the same are denied.

52. The allegations of paragraph 52 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 52 are additionally denied.

53. The allegations of paragraph 53 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 53 are additionally denied.

54. The allegations of paragraph 54 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 54 are additionally denied.

**COUNT II**
**Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.**
**Plaintiff v. All Defendants**

55. Defendants' responses to the foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. The allegations of paragraph 56 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 56 are additionally denied.

57. The allegations of paragraph 54 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 54 are additionally denied.

58. The allegations of paragraph 58 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 58 are additionally denied.

59. The allegations of paragraph 59 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 59 are additionally denied.

### COUNT III
### Wrongful Termination
### Plaintiff v. Defendants BI, Inc. and GEO Group, Inc.

60. Defendants' responses to the foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61. The allegations of paragraph 61 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 61 are additionally denied.

62. The allegations of paragraph 62 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 62 are additionally denied.

63. The allegations of paragraph 63 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 63 are additionally denied.

64. The allegations of paragraph 64 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 64 are additionally denied.

65. The allegations of paragraph 65 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 65 are additionally denied.

66. The allegations of paragraph 66 set forth conclusions of law to which no answer is required and the same are denied. Any factual averments contained in paragraph 66 are additionally denied.

## PRAYER FOR RELIEF

67. The responses to the foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

**WHEREFORE**, Defendants demand judgment in their favor and an award of attorney's fees and costs together with interest.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state any claims against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his alleged damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

Defendants are entitled to a setoff or credit with respect to any amount that might be awarded to Plaintiff in the amount of Plaintiff's interim earnings, benefits or other compensation and/or in an amount Plaintiff could have earned with reasonable effort.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks punitive damages, such are not properly available in this case, and/or any award of punitive damages is unconstitutional.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants' actions were not willful.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred by Defendants' good faith effort to prevent and correct incidents of workplace discrimination.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff unreasonably failed to take advantage of preventive or remedial opportunities provided by Defendants or otherwise failed to act reasonably to avoid harm.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' decisions, actions and omissions of which Plaintiff complains were based on reasonable factors other than age.

### NINTH AFFIRMATIVE DEFENSE

Defendants' conduct and actions relating to Plaintiff's employment and termination of employment were legitimate and non-discriminatory.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's age was not the "but for" reason for Defendants' decisions regarding his employment and/or discharge.

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages Plaintiff allegedly suffered resulted from his own actions, not from any conduct of Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

There is no factual or legal basis for an award of liquidated damages.

**WHEREFORE**, Defendants respectfully ask this Court to enter judgment in their favor and against Plaintiff on each and every claim in his Complaint, to assess costs against Plaintiff and to provide Defendants with such other relief as the Court shall deem just and proper.

                                Respectfully submitted,

                                Obermayer Rebmann Maxwell & Hippel LLP

Dated: June 1, 2012            /s/ Terri Gillespie
                                Michael S. Pepperman, Esquire
                                msp@obermayer.com
                                Terri Gillespie, Esquire
                                Terri.gillespie@obermayer.com
                                1617 John F. Kennedy Blvd., Suite 1900
                                Philadelphia, PA 19103
                                Attorneys for Defendants,
                                BI, Inc., Bruce Thacher and Ann Schlarb

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2012 I caused the foregoing Answer and Defenses of Defendants BI, Inc., Bruce Thacher and Ann Schlarb to Plaintiff's Complaint to be served electronically and by first-class mail, on the following:

James A. Bell
Jennifer C. Bell
Christopher A. Macey, Jr.
Bell & Bell LLP
1617 John F. Kennedy Blvd.
One Penn Center, Suite 1020
Philadelphia, PA  19103

/s/ Terri Gillespie
Terri Gillespie, Esquire